## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

    CARA R. DENNEY

        Plaintiff,

vs.

    UNUM LIFE INSURANCE COMPANY OF AMERICA

        Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Cara R. Denney, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Cara R. Denney, is a natural person and citizen of the State of Colorado, with a current address of 21570 Long Peaks Lane, Parker, Colorado 80138.

2. Defendant, Unum Life Insurance Company of America ("Defendant Unum"), is a corporation and/or similar business entity which regularly conduct business in the State of Colorado. The Defendant's registered agent for service of process is the Colorado Division of Insurance, 1560 Broadway, Denver, Colorado 80202

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured an employee benefit plan which provides long-term disability ("LTD") and other insurance benefits to employees of the Wagner Equipment Company ("Wagner"). The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.*, ("ERISA"). Upon information and belief, the Plan has delegated to Defendant Unum its obligation to make all benefit decisions at issue in this claim.

4. At all pertinent times, Plaintiff was a full-time employee of Wagner and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for LTD benefits subject to the terms and conditions of the policies issued by Defendant to Wagner.

## JURISDICTION AND VENUE

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA Plan/policy.

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8. At all pertinent times, Plaintiff was employed by Wagner as a Computer and Technology Instructor, which is a position that required extensive computer use; the ability to instruct employees on the use of various computer systems; and travel.

9. On or about June 23, 2015, Plaintiff was unable to continue working due to multiple health issues including but not limited to debilitating problems with her feet, requiring surgery, and with her back.

10. These medical conditions prohibit Plaintiff from continuing to perform the requirements of her job at Wagner on a regular and consistent basis.

11. Plaintiff's position requires the ability to work on a full-time basis, including but not limited to the ability to perform the tasks referred to in ¶8, *supra*.

12. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from otherwise performing the other material requirements of her own and/or other reasonable occupation, Plaintiff applied to the Plan, through her employer, for STD benefits beginning in June, 2015. The Plan approved that STD claim.

13. Thereafter, and because Plaintiff was unable to return to full-time work, her claim was considered for LTD benefits by Defendant.

14. Plaintiff was only able to return to work part-time for Wagner from October 2015 to January 2016, and thereafter was unable to work at all.

15. Specifically, by December 2015-January, 2016, Plaintiff was no longer able to work on even a part-time basis.

16. The Plan provides for LTD if, due to sickness or injury, the employee is disabled from her own occupation during the Plan's own occupation period (and thereafter if disabled from any reasonable occupation).

17. At all pertinent times Plaintiff:

   a. Suffered from a sickness/illness;

   b. Was unable to perform the essential duties of her own occupation (or any other reasonable occupation) due to said sickness; and

   c. Was, and is, unable to perform the essential functions of her own occupation, and/or any other occupation for which she is qualified.

18. Plaintiff continued to be eligible for LTD based on her inability to return to full time work as set forth herein.

19. Defendant has denied Plaintiff's claim for LTD benefits as of December 14, 2015 and forward.

20. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document, and requested a review of her claim. Plaintiff provided additional medical documentation and other information in support of her claim, including additional letters of support from her treating physicians. Plaintiff filed her appeal on or before the Plan's 180 day deadline.

21. Plaintiff also included additional information with her appeals, including medical records demonstrating the nature and extent of her ongoing disability and including supporting records.

22. Defendant refused to alter its position and issued its final denials of Plaintiff's claims on or about August 19, 2016.

23. Defendant's determinations are against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians and/or healthcare providers, and/or medical restrictions on Plaintiff's activities.

24. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation..

25. Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

26. Defendant, in evaluating Plaintiff's claim, has misapplied the provisions of the Plan.

27. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

28. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

29. At all pertinent times, Defendant was a claim fiduciary, fiduciary and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

30. Defendant was otherwise delegated the authority to administer claims for LTD benefits by the Plan.

31. At all pertinent times, Plaintiff met the criteria for LTD under the Plan including that she was unable to perform the functions of her own and/or any other occupation, and provided reasonable documentation (medical or otherwise) of that fact.

32. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

33. Defendant's wrongful conduct includes, but is not limited to:

    A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

    B. Failing to provide an adequate review and appeal;

    C. Failing to act in Plaintiff's best interests;

    D. Failing to consider credible evidence of functional impairments;

    E. Failing to consider Plaintiff's prior medical history;

    F. Failing to reasonably interpret and apply the terms of the Plan;

    G. Failing to conduct a reasonable investigation; and

    H. Failing to reasonably and properly interpret and implement all Plan provisions.

34. As a matter of law, Defendant has an inherent conflict of interest in this matter as claims administrator and guarantor.

35.     Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits.

## DAMAGES

36.     The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant Unum and/or the Plan as follows:

        A.     A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

        B.     An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of health insurance premiums otherwise covered by the policy;

        C.     Retroactive reinstatement LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claim for future LTD disability benefits.

  D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

  E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1); and

  F. Such other and further relief as this Court deems just and appropriate.

DATED this 13th day of December, 2016.

        Respectfully submitted,

        SILVERN & BULGER, P.C.


        *s/Thomas A. Bulger, Esq.*_____
        Thomas A. Bulger, Esq.
        Counsel for Plaintiff
        4800 Wadsworth Boulevard, Suite 307
        Wheat Ridge, Colorado 80033
        (303) 292-0044
        Facsimile (303) 292-1466
        Email: counsel@silvernbulger.com

Plaintiff's Address:
21570 Longs Peak Lane
Parker, Colorado 80138